**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

| | |
|---|---|
| Shenzhen Taimao Import and Export Co., LTD.,<br><br>Plaintiff,<br><br>v.<br><br>Shenzhen Yingfeinuo Technology Co., LTD.,<br><br>Defendant. | No. 5:26-cv-05311-DCF<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT OF PATENT NON-INFRINGEMENT AND INVALIDITY**<br><br>**JURY DEMAND** |

Plaintiff Shenzhen Taimao Import and Export Co., Ltd. ("Taimao" or "Plaintiff") brings this action against Defendant Shenzhen Yingfeinuo Technology Co., Ltd. ("Yingfeinuo" or "Defendant") and alleges as follows:

## THE PARTIES

1. Plaintiff Taimao is a company organized under the laws of the People's Republic of China, with its principal place of business in Shenzhen, China. Taimao operates the MIHOVER storefront on Walmart Marketplace under Seller ID 10002638981 and offers electric scooters to consumers in the United States.

2. Taimao is a wholly owned subsidiary of Shenzhen Chitado Technology Co., Ltd. ("Chitado"), which owns the GYROOR brand and developed the C1 family of seated electric scooters marketed under that brand. Taimao offers the MIHOVER scooter at issue in this action with Chitado's authorization.

3. Upon information and belief, Defendant Yingfeinuo is a company organized under the laws of the People's Republic of China, with its registered address at Room 2301, Zhongying Life Building, No. 51 Shenshang Street, Nanshan Subdistrict, Qianhai Shenzhen-Hong Kong Cooperation Zone, Shenzhen, Guangdong Province, China. Yingfeinuo is identified in the records of the U.S. Patent and Trademark Office as the assignee of U.S. Design Patent No. D1,066,138 S (the "'138 Patent").

## NATURE OF THE ACTION

4. This is an action under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the patent laws of the United States seeking declarations that the electric scooter offered by Taimao through Walmart Marketplace under Item ID 1441881880 (the "Accused Product") does not infringe the '138 Patent and that the single claim of the '138 Patent is invalid under 35 U.S.C. §§ 102 and 103.

5. On November 3, 2026, Walmart notified Taimao that Yingfeinuo had made a patent claim asserting that the Accused Product infringes the '138 Patent. Walmart identified Yingfeinuo as the claimant, Item ID 1441881880 as the accused listing, and D1066138 as the asserted patent. A copy is attached as **Exhibit A**.

6. The notification required Taimao to confirm its defense and indemnity obligations and furnish specified supporting documentation by November 5, 2026. It warned that failure to respond would result in removal of the reported item and prevent MIHOVER from relisting it. Yingfeinuo's assertion thus places the continued offering of the Accused Product on Walmart Marketplace

under a concrete and immediate threat.

7. Taimao disputes both infringement and validity. The Accused Product has an overall ornamental appearance different from the design claimed in the ’138 Patent, particularly at its front frame and exposed head tube, and also differs in its seat, riding deck, front fork, lamp, wheels, and mudguards. Earlier publicly disclosed C1-type scooter designs and an earlier-filed design application furnish separate grounds for challenging the validity of the ’138 Patent. Yingfeinuo’s identification of a specific product and patent in its Walmart complaint has created actual, immediate, and substantial controversies requiring judicial resolution.

**JURISDICTION AND VENUE**

8. This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States. This Court may grant declaratory relief under 28 U.S.C. §§ 2201 and 2202. Yingfeinuo’s assertion of the ’138 Patent against the Accused Product creates an actual controversy concerning infringement and validity of the ’138 Patent.

9. This Court has personal jurisdiction over Yingfeinuo under Federal Rule of Civil Procedure 4(k)(2). Both claims arise under federal patent law. Yingfeinuo is organized under the laws of the People’s Republic of China and maintains its principal place of business in Shenzhen, China. Upon information and belief, Yingfeinuo is not subject to personal jurisdiction in the courts of general jurisdiction of any state in the United States.

10. Yingfeinuo purposefully directed its activities toward the United

States by acquiring rights in the ’138 Patent and asserting that patent through Walmart Marketplace’s intellectual-property reporting process against the Accused Product, offered for sale in the United States.

11. Upon information and belief, Yingfeinuo has also engaged in commercial activities directed toward the United States. Walmart identifies “shenzhenshi yingfeinuo kejiyouxiangongsi” as the business name associated with the “Heybike Direct” storefront, which offers electric bicycles for sale to consumers in the United States. USPTO records identify Shenzhen Infino Technology Co., Ltd. as the registrant of the JASION mark (U.S. Reg. No. 6,417,763) and the original registrant of the HEYBIKE mark (U.S. Reg. No. 6,976,609). The USPTO subsequently corrected the registrant’s name from Shenzhen Infino Technology Co., Ltd. to Shenzhenshi Yingfeinuo Technology Co. Ltd. in connection with the YOLOWAY mark (U.S. Reg. No. 7,116,446).

12. Yingfeinuo’s complaint triggered Walmart’s enforcement procedure. On November 3, 2026, Walmart notified Taimao that failure to provide the requested response by November 5, 2026, would result in removal of the Accused Product’s listing and restrictions on relisting. Yingfeinuo thereby initiated an enforcement process capable of restricting sales of the Accused Product in the United States. Both claims in this action arise out of and relate to that enforcement conduct.

13. Exercising jurisdiction under Rule 4(k)(2) comports with due process. Yingfeinuo purposefully invoked the protections of United States patent law and asserted those rights against a product offered for sale in the United States. The

United States has a substantial interest in adjudicating disputes concerning the scope and validity of United States patents, and Taimao seeks effective relief from Yingfeinuo's enforcement activities affecting sales in the United States. Exercising jurisdiction is reasonable and consistent with fair play and substantial justice.

14. Venue is proper in this District under 28 U.S.C. § 1391(c)(3) because Yingfeinuo is not a resident of the United States and may be sued in any judicial district. This action is filed in the Fayetteville Division, which encompasses Benton County, Arkansas, where Walmart maintains its corporate headquarters. See 28 U.S.C. § 83(b)(5).

## FACTUAL BACKGROUND

15. The '138 Patent, titled "Electric Scooter," issued on March 11, 2025, from U.S. Design Patent Application No. 29/966,121, filed on September 30, 2024. It names Shujian Chen, Zhiyi Chen, and Yufeng Ou as inventors and identifies Yingfeinuo as the assignee. The patent contains a single claim for "[t]he ornamental design for an electric scooter, as shown and described," illustrated in FIGS. 1–9. A copy of the '138 Patent is attached as **Exhibit B**.

16. Taimao offers the Accused Product through its MIHOVER storefront on Walmart Marketplace under Item ID 1441881880. The listing depicts a black, seated, step-through electric scooter with a rear wire basket. A copy of the listing is attached as **Exhibit C**.

17. The Accused Product differs from the '138 Patent in several prominent aspects of its overall appearance. In the '138 Patent, the front frame tubes extend past the head tube and join in front of it, forming an enclosing

structure. In the Accused Product, the frame tubes terminate at the rear of the head tube, leaving the head tube exposed. The designs also differ in the configuration of the front fork, lamp, wheels, and mudguards.

18. The Walmart listing photographs and interactive three-dimensional model differ in certain seat and deck details. Both, however, depict the exposed head tube and the frame configuration described above.

19. The C1 scooter design was publicly disclosed before the ’138 Patent’s filing date. A video titled “Gyroor C1 Urbanmax Budget Electric Scooter,” dated July 29, 2023, depicts a C1 scooter.[1] A second video titled “Electric Scooter With Seat GYROOR C1 Review,” published on GYROOR’s official YouTube channel on October 30, 2023, further depicts the C1 scooter.[2]




[1] Source: https://www.youtube.com/watch?v=UCfZ2GuPPW4
[2] Source: https://www.youtube.com/watch?v=G6hRyfWhReU




20. The Accused Product closely resembles the Gyroor C1 scooter publicly disclosed in 2023. The two scooters share substantially the same overall configuration, including the step-through frame, exposed head-tube junction, low-mounted lamp, front fork, wheel design, rear seat support, and cargo basket. Their principal visible differences concern the seat design, color, and branding. These earlier disclosures provide relevant prior-art context for comparing the Accused Product with the design claimed in the ’138 Patent.

21. On November 3, 2026, Walmart notified Taimao of a patent infringement complaint submitted by Yingfeinuo concerning the ’138 Patent and Walmart Item ID 1441881880. The notice identified Yingfeinuo as the complainant and assigned Reference No. MSG2160899232. A copy of the notice is attached as **Exhibit A**.

22. Walmart required Taimao to respond by November 5, 2026, and

warned that failure to provide the requested response would result in removal of the reported item and restrictions on relisting. Yingfeinuo's complaint thus placed Taimao's continued sales of the Accused Product through Walmart Marketplace under a concrete threat of removal, giving rise to an actual controversy over infringement and validity of the '138 Patent.

**COUNT I**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT**

23. Taimao incorporates the preceding paragraphs as if fully set forth herein.

24. An actual and justiciable controversy exists concerning whether the Accused Product infringes the single claim of the '138 Patent. Yingfeinuo accused the Accused Product of infringement through Walmart's patent complaint process, placing Taimao's continued sales under threat of removal.

25. Design-patent infringement is determined by comparing the overall ornamental appearance of the claimed and accused designs from the perspective of an ordinary observer familiar with the relevant prior art.

26. The claimed design and the Accused Product create materially different overall visual impressions. In the '138 Patent, the inclined front-frame members extend around and forward of the head tube, forming a distinctive enclosing contour. In contrast, the Accused Product's frame members terminate at the rear of an exposed head tube. This difference substantially alters the scooter's front-frame silhouette and overall appearance.

27. Additional differences reinforce the distinct overall appearances of

the two designs, including their front forks, lamp placement, wheel-spoke configurations, and mudguards. The photographed Accused Product also differs in its seat and deck appearance. These differences, considered together with the materially different front-frame configuration, contribute to distinct overall visual impressions, as illustrated below.




**Figure 1. Comparison of the prior-art Gyroor C1 scooter (top), the Accused Product (bottom left), and the '138 Patent, FIG. 5 (bottom right). The C1 image is from GYROOR's October 30, 2023 YouTube video.**

28. The designs also differ in their front forks, lamp placement, and handlebar configurations. Considered together with the differences described

above, these features reinforce the materially different overall visual impressions of the claimed design and the Accused Product.

29. The earlier C1 disclosures further inform the ordinary observer's comparison. As alleged above, the Accused Product closely resembles the C1 scooter publicly disclosed in 2023, particularly in its overall frame configuration, exposed head-tube junction, front fork, wheel design, and rear structure. In contrast, the '138 Patent depicts a materially different front-frame contour. Viewed in light of the prior art, the Accused Product creates an overall visual impression distinct from the claimed design.

30. The Accused Product does not infringe and has not infringed the single claim of the '138 Patent. Taimao is entitled to a declaratory judgment of non-infringement.

## COUNT II
## DECLARATORY JUDGMENT OF INVALIDITY

31. Taimao realleges and incorporates the preceding paragraphs as if fully set forth herein.

32. An actual and justiciable controversy exists concerning the validity of the single claim of the '138 Patent. Yingfeinuo asserted that patent against the Accused Product through Walmart's patent complaint process, and Taimao disputes its validity.

33. The single claim of the '138 Patent is invalid under 35 U.S.C. §§ 102 and 103, as applicable to design patents under 35 U.S.C. § 171(b).

34. Before the '138 Patent's September 30, 2024 filing date, the Gyroor

C1 scooter design was publicly disclosed in a July 29, 2023 video titled "Gyroor C1 Urbanmax Budget Electric Scooter" and an October 30, 2023 video titled "Electric Scooter With Seat GYROOR C1 Review," published on GYROOR's official YouTube channel. These disclosures depict seated, step-through electric scooters with exposed head-tube junctions, low-mounted lamps, divided wheel spokes, and rear cargo baskets.

35. Additional prior art includes U.S. Design Patent No. D1,040,701 S (the "'701 Patent"), which issued on September 3, 2024, from an application filed on January 11, 2024. The '701 Patent depicts a C1-family scooter configuration with a cargo basket positioned within the step-through frame area. A copy of the '701 Patent is attached as **Exhibit D**.

36. U.S. Design Patent No. D1,080,476 S (the "'476 Patent") issued on June 24, 2025, from an application filed on January 12, 2022. The '476 Patent discloses a C1-type scooter frame, and FIG. 9 depicts that frame installed in a seated scooter. To the extent the relied-upon subject matter was disclosed in the earlier-filed application and satisfies the applicable statutory requirements, the disclosure constitutes prior art under 35 U.S.C. § 102(a)(2). A copy of the '476 Patent is attached as **Exhibit E**.

37. Under 35 U.S.C. § 102, anticipation requires a single qualifying prior-art reference to disclose substantially the same overall ornamental design. If Yingfeinuo's infringement theory treats the ornamental differences between the '138 Patent and the Accused Product as immaterial to their overall visual impressions, the earlier C1 designs depicted in the July 29 and October 30, 2023

videos provide independent grounds for anticipation. Each video predates the ’138 Patent’s filing date and depicts a C1 scooter whose overall configuration closely resembles the Accused Product.

38. Independently and alternatively, the single claim of the ’138 Patent is invalid as obvious under 35 U.S.C. § 103. The October 30, 2023 Gyroor C1 video depicts a prior-art scooter design in the same field as the claimed design. The July 29, 2023 C1 video and the ’701 Patent (Exhibit D) further disclose known ornamental configurations of seated electric scooters, including variations in frame configuration, cargo-basket placement, seat support, and other exterior features.

39. Relative to the earlier C1 designs, the ’138 Patent differs in its front-frame contour around the head tube and in the ornamental configurations of its seat, deck, front fork, lamp, wheels, and mudguards. Taimao alleges that the claimed design, considered as a whole, would have been obvious to an ordinary designer of seated electric scooters before September 30, 2024, in view of the identified prior art and the knowledge of an ordinary designer in the field.

40. In the alternative, if Yingfeinuo contends that the ’138 Patent encompasses the Accused Product notwithstanding the ornamental differences alleged above, the earlier C1 disclosures further support Taimao's invalidity challenge under §§ 102 and 103.

41. Taimao is entitled to a declaratory judgment that the single claim of the ’138 Patent is invalid under 35 U.S.C. § 102 or § 103.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter

judgment in its favor and against Defendant as follows:

A. Declare that the MIHOVER electric scooter identified by Walmart Item ID 1441881880, as accused by Yingfeinuo, does not infringe and has not infringed U.S. Design Patent No. D1,066,138 S;

B. Declare that the single claim of U.S. Design Patent No. D1,066,138 S is invalid under 35 U.S.C. § 102 or § 103;

C. Find that this is an exceptional case under 35 U.S.C. § 285 and award Taimao its reasonable attorneys' fees to the extent warranted by the record;

D. Award Taimao its taxable costs as permitted by law; and

E. Grant such further relief under 28 U.S.C. § 2202, and such other and further relief, as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury on all issues so triable as of right.

Dated: November 5, 2026

Respectfully submitted,

/s/ Tao Liu

Tao Liu
New York No. 5741665
GLACIER LAW LLP
41 Madison Avenue, Suite 2529
New York, NY 10010
Telephone: (212) 937-9999
Email: tao.liu@glacier.law

***Counsel for Plaintiff***